IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JESUS GONZALEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:22-CV-144-Z-BR |
| | § | |
| DIRECTOR, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DENY PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Jesus Gonzalez ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody challenging the constitutional legality or validity of his state court convictions and sentences. (ECF 3). For the following reasons, Petitioner's habeas application should be DISMISSED with prejudice as time barred.

### I. PROCEDURAL HISTORY

On March 26, 2018, Petitioner was convicted of five offenses of Sexual Assault out of Deaf Smith County, Texas in cause number CR-17H-112 styled *The State of Texas v. Jesus Gonzalez*. (ECF 3 at 2–3; ECF 19-1 at 98–99). Petitioner was sentenced to forty years' imprisonment on each count. (*Id.*). His convictions were affirmed on appeal. *Gonzalez v. State*, Nos. 07-18-00159-CR, 07-18-00160-CR, 07-18-00161-CR, 07-18-00162-CR, 07-18-00163-CR, slip op. (Tex. App.–Amarillo, 2018). The Texas Court of Criminal Appeals ("TCCA") refused his petition for discretionary review ("PDR") on May 1, 2019. *Gonzalez v. State*, PD-0070-19 (Tex. Crim. App. 2019).

On March 31, 2022, Petitioner submitted a state application for writ of habeas corpus challenging his conviction, which was denied without written order on July 13, 2022. (*In re Gonzalez*, WR-93,562-02). Petitioner's instant federal habeas action was placed in the prison mailing system on July 25, 2022. (ECF 3 at 10).

## II.   PETITIONER'S GROUNDS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reason(s): (1) insufficient evidence and (2) ineffective assistance of counsel. (ECF 3 at 6–7).

## III.   RESPONSIVE PLEADINGS

On December 20, 2022, Respondent filed an answer asserting Petitioner's federal habeas petition should be dismissed because Petitioner's claims are time barred. (ECF 17). Petitioner did not file a reply to Respondent's Preliminary Answer.

## IV.   STATUTE OF LIMITATIONS

Title 28 U.S.C § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners:

(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of –

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)–(2). The limitations period shall run from the date on which the judgment became final unless one of the circumstances set forth in 28 U.S.C § 2244(d)(1)(B), (C), or (D) clearly applies and triggers a later begin date.

A judgment becomes final upon the conclusion of direct appellate review or when the time for filing further direct appeal expires. 28 U.S.C. § 2244(d)(1)(A); *Roberts v. Cockrell*, 319 F.3d 690, 693–95 (5th Cir. 2002). Petitioner was sentenced on March 26, 2018. (ECF 3 at 2–3; ECF 19-1 at 98–99). Petitioner appealed and on May 1, 2019, the TCCA refused his petition for discretionary review. *Gonzalez v. State*, PD-0070-19 (Tex. Crim. App. 2019). Petitioner did not file a petition for certiorari in the Supreme Court; thus, his conviction became final ninety days later, on July 30, 2019. *See Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003) (finality determined by when time for filing further appeals expires).

The limitations period for Petitioner's 2018 conviction expired, then, on **July 30, 2020**. Petitioner's July 25, 2022 filing of the instant action occurred nearly two years after the limitations period expired. While Petitioner submitted a state habeas action on March 31, 2022, which was denied without written order on July 13, 2022, such action does not toll the limitations period under 28 U.S.C. § 2244(d)(2) where such time frame has already expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

3

## V.     EQUITABLE TOLLING

The 1-year statute of limitations on petitions for federal habeas relief by state prisoners is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his habeas rights diligently, and (2) that some "extraordinary circumstance" stood in his way and prevented him from effecting a timely filing. *Id.* at 649. The United States Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary and beyond its control." *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016). Equitable tolling can apply to the one-year limitation period of section 2244(d) only in "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *see also Felder v. Johnson*, 204 F.3d 168, 170-71(2000). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653. Equitable tolling principally applies where the petitioner is "actively misled" by the respondent about the cause of action or was prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). A "garden variety claim of excusable neglect" by the petitioner does not support equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002).

Ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, generally do not excuse prompt filing. *Felder*, 204 F.3d at 171; *Fisher v. Johnson*, 174 F.3d 710, 714; *Davis*, 158 F.3d at 808-12; *see also United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (neither an inmate's illiteracy, deafness, nor lack of legal training amounts to factors external to the inmate to excuse an abuse of the writ); *Moore v. Roberts*, 83 F.3d 699, 704 (5th Cir. 1996) (a petitioner's lack of interest in challenging prior convictions was not cause to excuse a procedural

default); *Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992) (holding neither prisoner's pro se status nor ignorance of the law constitutes "cause" for failing to include a legal claim in his prior petition); *see also Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir. 1998) (petitioner's failure to discover the significance of the operative facts does not constitute cause).

Here, Petitioner did not allege any circumstances that affected the timeliness of his petition. (ECF 3 at 9). "In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief." *Coleman*, 184 F.3d at 403. The record does not reflect Petitioner pursued his claims with reasonable diligence, or that extraordinary circumstances beyond his control, qualifying as "rare and exceptional" events, actions or conditions, prevented him from timely seeking post-conviction relief from his conviction.

The undersigned finds, therefore, that Petitioner has not asserted, let alone sufficiently demonstrated, that he is entitled to equitable tolling of the limitations period. *See Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir. 1998).

## VI.    ACTUAL INNOCENCE

The statute of limitations bar may, in fact, be overcome by a showing of "actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("actual innocence, if proved, serves as a gateway through which a petitioner may pass" when he is procedurally barred by the expiration of the statute of limitations). In other words, a credible showing of "actual innocence" may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. *Id.* at 392. "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id*. (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)).

A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence" must support his allegations with "new, reliable evidence" that was not presented in the underlying proceedings and must show that it was more likely than not that, in light of the new evidence, no fact finder, acting reasonably, would have found the petitioner guilty beyond a reasonable doubt. *See Schlup v. Delo*, 513 U.S. 298, 326–27 (1995); *see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default); *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008) (explaining that evidence was not "new" where "it was always within the reach of [petitioner's] personal knowledge or reasonable investigation"). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–624 (1998).

Petitioner has not asserted actual innocence. (ECF 3). Rather, Petitioner claims that insufficient evidence was presented to support the conviction. (*Id*. at 6). To the extent that this argument could be construed as an actual innocence claim, Petitioner fails to demonstrate actual innocence by presenting any "new, reliable evidence" that was not previously presented and was unavailable to him in the underlying proceedings, nor does he show it is more likely than not that, "in light of the new evidence," no fact finder, acting reasonably, would have convicted Petitioner in light of the new evidence. Further, the facts and argument raised by Petitioner do not support that he is factually innocent. Consequently, Petitioner has not overcome the time bar for filing a federal habeas corpus petition.

## VII.   FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1. Petitioner's challenged conviction was entered on March 26, 2018. (ECF 3 at 2–3; ECF 19-1 at 98–99). He timely appealed, and the conviction became final on **July 30, 2019**.

6

2. The one-year period of limitations in this case began on the date on which Petitioner's judgments became final by the expiration of the time for seeking direct review under 28 U.S.C. § 2244(d)(1)(A).

3. Petitioner's federal habeas corpus petition was thus due on or before **July 30, 2020**, unless statutorily or equitably tolled.

4. Petitioner's March 31, 2022 filing of a state habeas action occurred more than a year after the expiration of the limitations period and had no tolling effect.

5. Petitioner has not alleged or demonstrated that he is entitled to any periods of equitable tolling.

6. The record does not reflect any unconstitutional "State action" impeded or prevented Petitioner from filing for federal habeas corpus relief.

7. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

8. Petitioner's claims are not of such a nature that they could not have been discovered, through the exercise of due diligence, until a date subsequent to Petitioner's convictions becoming final.

9. Petitioner's federal habeas corpus application, **filed July 25, 2022**, when it was placed in the state prison mailing system, was filed approximately two years after the expiration of the statute of limitations and **is time barred**.

10. Petitioner has failed to demonstrate actual innocence by presenting new reliable evidence showing it is more likely than not that no reasonable juror would have convicted Petitioner in light of the new evidence.

## VIII. RECOMMENDATION

For the above reasons and the reasons set forth in Respondent's Preliminary Answer filed December 20, 2022 (ECF 17), it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by Petitioner JESES GONZALEZ be DISMISSED with prejudice as time barred.

## IX.     INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED August 8, 2023.

*(signed)* LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).